IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 24-CR-011-JFH-1 |
| **CORD SIKES HUTCHINS,** | |
| **Defendant.** | |

**OPINION AND ORDER**

Before the Court is a motion to dismiss Count One of the indictment ("Motion") filed by Defendant Cord Sikes Hutchins ("Defendant"). Dkt. No. 40. Defendant argues that the indictment is insufficient because it does not set forth the material elements of the charged crime. *Id*. at 2. Specifically, Defendant argues that the indictment fails to allege that Defendant "knew he had been convicted of a felony," a required element of 18 U.S.C. §§ 922(g). The United States of America ("Government") filed a response in opposition. Dkt. No. 45. For the following reasons, Defendant's Motion [Dkt. No. 40] is DENIED.

**BACKGROUND**

On January 9, 2024, Defendant was charged by indictment with one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. Dkt. No. 2 at 1. Specifically, the indictment alleges that "[o]n or about May 11, 2023, within the Eastern District of Oklahoma, the defendant, CORD SIKES HUTCHINS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, *and knowing of such conviction*, did knowingly possess [firearms and ammunition]." *Id*. (emphasis added). This case is set for trial on the Court's April 1, 2024 docket. Dkt. No. 48.

## ARGUMENT AND AUTHORITIES

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). The appropriate inquiry on a motion to dismiss an indictment is not whether the Government has presented sufficient evidence to support the charge, but rather whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *Id*. (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) and *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)).

Defendant is charged with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. Dkt. No. 2 at 1. The elements of 18 U.S.C. § 922(g), are: (1) Defendant knowingly possessed a firearm; (2) Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) at the time Defendant possessed the firearm, he knew he had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year; and (4) before Defendant possessed the firearm, the firearm had moved at some time from one state to another. *See* Tenth Circuit Pattern Jury Instruction 2.44.

The indictment here plainly sets forth the elements of § 922(g) and, more specifically, clearly alleges that Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms and

ammunition.[1]  Dkt. No. 2 at 1.  The allegations contained in the indictment, if true, are sufficient to establish a violation of the offense charged.  The Court further finds that the indictment puts Defendant on fair notice of the charges against which he must defend and enables Defendant to assert a double jeopardy defense.  For these reasons, the indictment is sufficient and Defendant's motion to dismiss Count One of the indictment fails.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to dismiss Count One of the indictment [Dkt. No. 40] is DENIED.

DATED this 23rd day of February 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1]  The Court directs counsel to her obligation under Oklahoma Rule of Professional Conduct 3.1, which states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ." Okla. R. Prof. Conduct 3.1.  Here, where the indictment so clearly sets forth the element that counsel argues it fails to allege, the Court struggles to construe a good faith basis for the filing of this motion.  Motions which lack a good faith basis unnecessarily expend Court time and resources, which, as counsel is undoubtedly aware in the wake of *McGirt*, are unprecedentedly and significantly strained.  Regardless, and in the spirit of giving counsel the benefit of the doubt, the Court decides this motion on the merits.