# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CORD SIKES HUTCHINS and
DAVID COLBERT JOHNSTON,

        Defendant.

Case No. 24-CR-011-JFH-1

## OPINION AND ORDER

Before the Court is an objection filed by Defendant Cord Sikes Hutchins ("Defendant Hutchins") to a Rule 609 Notice [Dkt. No. 34] filed by the United States of America ("Government"). Dkt. No. 41. For the following reasons, Defendant Hutchins' objection is overruled in part and sustained in part as set forth below. The Government also filed a Rule 609 Notice regarding Defendant David Colbert Johnston ("Defendant Johnston"). Dkt. No. 35. While Defendant Johnston did not file an objection, the Court nonetheless considers the admissibility of Defendant Johnston's prior felonies pursuant to Federal Rule of Evidence 609 below.

## BACKGROUND

On January 9, 2024, an indictment was filed charging Defendant Hutchins, in Count One, with felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2, and charging Defendant Johnston, in Count Two, with felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. Dkt. No. 2. This case is set on the Court's April 1, 2024 jury trial docket. Dkt. No. 48.

On January 26, 2024, the Government filed a notice pursuant to Fed. R. Evid. 609 of its intent to introduce Defendant Hutchins' prior felony convictions should Defendant Hutchins testify at trial.[1] Dkt. No. 34. Defendant Hutchins' prior felony convictions consist of:

- Unlawful Possession of Controlled Dangerous Substance, Case No. CF-2014-666, Carter County District Court, Oklahoma, January 18, 2015; and

- Child Endangerment and Arson in the Fourth Degree, Carter County District Court, Oklahoma, June 28, 2006.

*Id*. Defendant Hutchins filed an objection arguing only that the nature of the prior felony convictions is not relevant to the Government's case-in-chief, nor as impeachment evidence should Defendant Hutchins testify at trial. Dkt. No. 41.

The Government also filed a notice pursuant to Fed. R. Evid. 609 of its intent to introduce Defendant Johnston's prior felony convictions should Defendant Johnston testify at trial. Dkt. No. 35. Defendant Johnston's prior felony convictions consist of:

- Felonious Possession of Firearm After Two or More Prior Felony Convictions, Carter County District Court, Oklahoma, January 25, 2019;

- Unlawful Possession of Controlled Dangerous Substance – Methamphetamine, and Knowingly Concealing Stolen Property, Carter County District Court, Oklahoma, October 6, 2024;

- Assault and Battery with a Dangerous Weapon After Two or More Felony Convictions, Carter County District Court, Oklahoma, January 20, 2004;

- Unlawful Possession of Controlled Dangerous Substance, Carter County District Court, Oklahoma, September 9, 1998; and

---

[1] The Government's notices state that it intends to introduce Defendants' prior felony convictions only for purposes of impeachment. However, the Court notes that Defendants are charged with felon in possession of firearm and, therefore, the Government will be required to prove that Defendants were previously convicted of a felony and that they were aware of such conviction at the time of possession in its case-in-chief. Absent a stipulation by the parties, the Government is entitled to use Defendants' prior convictions to establish these elements at trial. Regardless, this order addresses only the Government's intention to use Defendants' prior felony convictions for purposes of impeachment under Fed. R. Evid. 609.

- Possession of a Police Scanner and Unlawful Possession of Controlled Dangerous Substance, Carter County District Court, Oklahoma, April 10, 1997.

*Id*. Again, Defendant Johnston did not file an objection to the Government's 609 Notice.

## ARGUMENT AND AUTHORITIES

The Court first notes that Defendant Hutchins appears to object to the introduction of the "nature" of Defendant Hutchins' prior felony convictions. Dkt. No. 41 at 1. In other words, it appears that perhaps Defendant Hutchins is requesting that the Government only be permitted to elicit that Defendant Hutchins was previously convicted of the felony offenses generally, without specifically stating the name and nature of the offenses. "The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). Therefore, to the extent Defendant Hutchins is requesting that the nature of the convictions be censored, that request is denied. Should the Court find that Defendants' prior convictions are admissible under Fed. R. Evid. 609, the Government will be permitted to elicit the essential facts of the convictions, including the name and nature of the offenses consistent with Tenth Circuit precedent.

Evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the probative value must *substantially* outweigh the prejudicial effect and the offering party must give its adverse party reasonable written notice of its intent. *Id.* at (b). Here, Defendant Hutchins' 2006 child endangerment and arson convictions occurred more than ten years ago and, therefore, the probative value of those convictions must substantially outweigh the prejudicial effect. Likewise, Defendant

3

Johnston's 2004 assault and battery conviction, 1998 unlawful possession of a controlled dangerous substance conviction, and 1997 possession of a police scanner and unlawful possession of controlled dangerous substance conviction occurred more than ten years ago and, therefore, the probative value of those convictions must substantially outweigh the prejudicial effect.

A "special balancing test" is used for defendant-witnesses because these litigants face "a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's notes to the 1990 amendments). This balancing test has five factors:

> (1) the impeachment value of the defendant's prior crimes;
>
> (2) the dates of the convictions and the defendant's subsequent history;
>
> (3) the similarity between the past crime and charged crime;
>
> (4) the importance of the defendant's testimony; and
>
> (5) the centrality of the defendant's credibility at trial.

*Id.* The Court will consider Defendants' prior felony convictions under each of the *Smalls* factors below.

### A. Consideration of the *Smalls* factors

#### 1. *Impeachment Value*

"In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). However, even if a defendant's prior convictions do not involve dishonesty or false statement, a defendant still may be impeached. *Id.* (citing *United States v. Verner*, No. 15-

4

CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) ("[I]t is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial."); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

The Court finds that Defendant Hutchins' prior convictions for possession of a controlled substance, child endangerment, and arson do not involve characteristics that go to Defendant Hutchins' capacity for truthfulness. Therefore, the Court finds that this factor does not weigh in favor of admitting Defendant Hutchins' prior felony convictions for purposes of impeachment.

Likewise, the Court finds that Defendant Johnston's prior convictions for felonious possession of firearm, assault and battery, possession of a police scanner, and three prior unlawful possession of controlled dangerous substance convictions do not involve characteristics that go to Defendant Johnston's capacity for truthfulness. This factor does not weigh in favor of admitting these prior convictions. However, Defendant Johnston's prior conviction for knowingly concealing stolen property does involve characteristics that go to Defendant Johnston's capacity for truthfulness and, therefore, this factor weighs in favor of admitting this prior conviction.

2. *Temporal Proximity*

Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. However, the "probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id.* (internal citations omitted).

Defendant Hutchins' prior convictions for child endangerment and arson occurred in 2006, nearly two decades ago. While Defendant Hutchins has had an intervening felony conviction for possession of a controlled substance since that time, that conviction was nearly ten years ago. The Court finds that Defendant Hutchins' prior felony convictions are remote and, therefore, finds that this factor does not weigh in favor of admitting Defendant Hutchins' prior convictions for purposes of impeachment.

Defendant Johnston's prior felony convictions span from 1997 to 2019. Although Defendant Johnston's 1997 felony conviction for possession of a police scanner and unlawful possession of a controlled dangerous substance, 1998 felony conviction for unlawful possession of controlled dangerous substance, and 2004 conviction for assault and battery with a dangerous weapon occurred well over ten years ago, Defendant Johnston has had several intervening felony convictions since that time, even as recent as five years ago. This suggests that Defendant Johnston's character has not improved and, therefore, preserves the probative value of Defendant Johnston's older felony convictions. For this reason, the Court finds that this factor weighs in favor of admitting Defendant Johnston's prior convictions for purposes of impeachment.

       3.  *Similarity*

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at \*2 (internal citations omitted). "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.* (citing *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014); *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw

suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same)).

The Court finds that Defendant Hutchins' prior convictions for possession of a controlled substance, child endangerment, and arson are plainly dissimilar to the charged crime of felon in possession of firearm and ammunition. This factor weighs in favor of admitting Defendant Hutchins' prior convictions for purposes of impeachment.

Likewise, all of Defendant Johnston's prior convictions—except for his 2019 felony conviction for felonious possession of firearm—are plainly dissimilar to the charged crime of felon in possession of firearm. Therefore, this factor does not weigh in favor of admitting Defendant Johnston's prior conviction for felonious possession of firearm, but does weigh in favor of admitting all of Defendant Johnston's remaining convictions.

### 4. *Importance of Testimony*

"In considering the fourth factor, the importance of Defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3 (internal citations omitted). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id*.

Defendants are charged in this case with felon in possession of firearm. The charges themselves indicate that Defendants are convicted felons. Therefore, the fact that Defendants have other felony convictions, by itself, is not particularly prejudicial. However, the Court finds that the *nature* of Defendants' prior convictions may be prejudicial.

First, the Court finds that Defendant Hutchins' prior conviction for child endangerment is highly prejudicial, as crimes involving children often invoke an emotional response from jurors. Further, while arson is generally a property crime, it is commonly considered a violent crime due to its dangerousness and, therefore, can also be highly prejudicial. Defendant Hutchins' prior conviction for possession of a controlled substance, on the other hand, is not particularly prejudicial. For these reasons, the Court finds that this factor does not weigh in favor of admitting Defendant Hutchins' prior convictions for child endangerment and arson, but is neutral as to Defendant Hutchins' prior conviction for possession of a controlled substance.

Likewise, the Court finds that Defendant Johnston's prior felony conviction for assault and battery with a dangerous weapon is highly prejudicial, as violent crimes often invoke an emotional response from jurors. Further, as discussed under the previous factor, the similarity between Defendant Johnston's prior conviction for felonious possession of firearm and the charged crime makes it prejudicial. However, Defendant's other prior convictions, including his prior convictions for unlawful possession of controlled dangerous substance, possession of a police scanner, and knowingly concealing stolen property are not particularly prejudicial. For these reasons, the Court finds that this factor does not weigh in favor of admitting Defendant's prior felony convictions for assault and battery with a dangerous weapon and felonious possession of firearm, but is neutral as to Defendant Johnston's remaining prior felony convictions.

5. *Centrality of Credibility*

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–*e.g.,* if defendant's testimony is corroborated by other sources."

*Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3.  By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id*. (citing *Caldwell*, 760 F.3d at 288).

Defendants are charged with felon in possession of firearm and, at trial, the Government must prove that Defendants knowingly possessed a firearm and, at the time Defendants possessed the firearm, they knew they had been convicted of a felony.  *See* Tenth Circuit Pattern Jury Instruction 2.44.  These "knowingly" elements may make Defendants' credibility an issue at trial. For this reason, the Court finds that this factor weighs in favor of admitting Defendants' prior convictions for purposes of impeachment.

### B.  Rule 609(a)(1)(B) Balancing

Following a review of *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)).  Regarding Defendant Hutchins, upon review of the *Smalls* factors, the Court finds that the probative value of Defendant Hutchins' prior conviction for possession of a controlled substance outweighs any potential prejudicial effect.  Specifically, only two factors weigh against admissibility: impeachment value and temporal proximity.  Regarding the impeachment value factor, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016)).  Regarding the temporal proximity factor, although remote, Defendant Hutchins' conviction for possession of a controlled substance is within the ten-year threshold and, therefore,

the probative value of this prior conviction need not *substantially* outweigh the prejudicial effect. See. Fed. R. Evid. 609(b).  Because these are the only two factors which weigh against admissibility, the Court will allow the Government to introduce evidence of Defendant Hutchins' prior conviction for possession of a controlled substance for purposes of impeachment under Fed. R. Evid. 609.

However, after reviewing the *Smalls* factors in relation to Defendant Hutchins' prior convictions for child endangerment and arson, the Court finds that the probative value does not substantially outweigh the prejudicial effect.  Particularly, the remoteness in time and prejudicial nature of these prior convictions creates a real danger that the jury may misuse these convictions as propensity evidence despite their introduction solely for impeachment purposes.  For this reason, the Court will not allow the Government to introduce evidence of Defendant Hutchins' prior convictions for child endangerment and arson for purposes of impeachment under Fed. R. Evid. 609.

Regarding Defendant Johnston, upon review of the *Smalls* factors, the Court finds that the probative value of Defendant Johnston's prior convictions for possession of a controlled dangerous substance, knowingly concealing stolen property, and possession of a police scanner outweigh any potential prejudicial effect.  Specifically, no factors weigh against admissibility of Defendant Johnston's conviction for knowingly concealing stolen property, and only the impeachment value factor weighs against admissibility as to the prior convictions for possession of a controlled dangerous substance and possession of a police scanner.  However, as noted regarding the impeachment value factor, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2

10

(citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016)).  For this reason, the Court will allow the Government to introduce evidence of Defendant Johnston's prior convictions for possession of a controlled dangerous substance, knowingly concealing stolen property, and possession of a police scanner for purposes of impeachment under Fed. R. Evid. 609.

However, after reviewing the *Smalls* factors in relation to Defendant Johnston's prior convictions for felonious possession of firearm and assault and battery with a dangerous weapon, the Court finds that the probative value of these convictions does not outweigh the prejudicial effect.  Specifically, the prejudicial nature of the assault and battery conviction and the similarity of the felonious possession of firearm conviction create a real danger that the jury may misuse these convictions as propensity evidence despite their introduction solely for impeachment purposes.  Therefore, the Court will not allow the Government to introduce evidence of Defendant Johnston's prior convictions for felonious possession of firearm and assault and battery with a dangerous weapon for purposes of impeachment under Fed. R. Evid. 609.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Hutchins' objection [Dkt. No. 41] to the Government's 609 Notice [Dkt. No. 34] is OVERRULED IN PART AND SUSTAINED IN PART as set forth in this Order.

IT IS FURTHER ORDERED that Defendant Johnston's prior felony convictions as set forth in the Government's 609 Notice [Dkt. No. 35] are ADMISSIBLE IN PART AND INADMISSIBLE IN PART as set forth in this Order.

DATED this 13th day of March 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE